IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RILEY A. PENDERGRAFT and<br>JOYCE E. PENDERGRAFT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>No. 08-326 T<br>Judge Thomas C. Wheeler |

**ANSWER**

In answer to the Complaint, Defendant denies each and every allegation that is not admitted or otherwise specifically addressed below.

1. Defendant admits that Riley A. and Joyce E. Pendergraft are plaintiffs in this suit. Defendant further admits that this suit arises under the internal revenue laws of the United States and seeks a refund of taxes, interest, and penalties paid by Plaintiffs. Defendant denies that the taxes and penalties were erroneously or illegally assessed.

2. Defendant avers that jurisdiction before this court would be conferred, if at all, by 28 U.S.C. § 1491(a). To the extent this response calls for a legal conclusion, no response is necessary.

3. Defendant avers that the assertions made in the first two sentences of paragraph 3 of the complaint are legal conclusions, to which no response is necessary. Defendant denies the assertions contained in the third sentence of paragraph 3.

4. Defendant avers that plaintiff Riley A. Pendergraft filed a joint return with the identification number alleged in the complaint. Defendant lacks knowledge or information sufficient to form a belief as to any of the other assertions contained within paragraph 4 of the complaint.

5. Defendant avers that plaintiff Joyce E. Pendergraft filed a joint return with the identification number alleged in the complaint. Defendant lacks knowledge or information sufficient to form a belief as to any of the other assertions contained within paragraph 5 of the complaint.

6. Admits.

7. States that paragraph 7 calls for a conclusion of law to which no response is necessary. To the extent paragraph 7 contains allegations of fact, defendant lacks knowledge or information sufficient to form a belief as to their truth.

8. Admits that Plaintiffs are individuals. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the assertions contained in paragraph 8.

9. Defendant admits that plaintiffs filed a 1040 EZ 2001 form on April 15, 2002.

10. Defendant admits the Internal Revenue Service selected Plaintiffs' 2001 tax return for examination, but states that it lacks knowledge or information sufficient to form a belief as to the date of the selection.

11. Admits.

12. With respect to the second paragraph designated as paragraph 11 of the complaint, defendant admits.

13. Admits.

14. Admits.

15. To the extent the allegations contained in paragraph 15 contain legal conclusions, no response is necessary. Otherwise, the allegations are denied.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion contained in paragraph 16. Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of Exhibit C.

17. Admits the Plaintiffs are characterizing the nature of their suit.

18. Admits the Plaintiffs operated a furniture business. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion contained in the second sentence of paragraph 18. The third sentence of paragraph 18 contains a legal conclusion to which no response is necessary.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion contained in paragraph 19.

20. Paragraph 20 constitutes a conclusion of law to which no response is necessary.

21. Denies.

22. Admits.

23. Defendant admits Riley Pendergraft received $35,103.27 from the proceeds of the property refinancing. Defendant admits that Plaintiffs have attached a portion of a financial

statement from Kamaly Trust Company reflecting proceeds of property refinancing in the amount of $70,206.54 transferred into an account belonging to Jeffrey and Charlotte Pendergraft.

24. Denies.

WHEREFORE, Defendant denies that Plaintiffs are entitled to the relief requested and prays that this Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

s/ Steven I. Frahm
Steven I. Frahm
Assistant Chief
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-6504

Nathan J. Hochman
Assistant Attorney General
David D. Gustafson
Chief, Court of Federal Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm

Dated: July 1, 2008