IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RILEY A. PENDERGRAFT and<br>JOYCE E. PENDERGRAFT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08-326 T<br>Judge Thomas C. Wheeler |

**JOINT PRELIMINARY STATUS REPORT**

The parties, pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), submit this Joint Preliminary Status Report.

(a) Jurisdiction

This Court has jurisdiction of Plaintiff's claim for refund of income taxes pursuant to 28 U.S.C. §1491(a).

(b) Consolidation

The parties are unaware at the present time of any basis for consolidation or transfer of this case.

(c) Trial Bifurcation

The parties agree that separate proceedings on the questions of liability and damages (i.e., the amount of any underpayment or overpayment of tax and interest) should be unnecessary in this case. The parties, however, ask the Court to determine liability first, and, if liability is found, permit them a reasonable period of time within which to attempt to agree on the amount

of a money judgment. The parties believe that the calculation of damages will involve objective mathematical computations from the factual record before the Court on which they likely will reach agreement. If the parties are unable to reach such an agreement, the Court may address the procedures to be followed at that time.

(d) Deferral of Proceedings

The parties are unaware at the present time of any reason for deferring the proceedings.

(e) Remand or Suspension

Remand is not appropriate for a tax refund suit, and a suspension is not appropriate at this time.

(f) Joinder of Other Parties

The parties are unaware at this time of any other parties to be joined.

(g) Motions Under RCFC 12(b), 12(c) or 56

Further factual development of the case is needed to determine whether the case can be resolved through dispositive motions. At this time, neither party intends to file a motion pursuant to RCFC 12(b), 12(c).

(h) Relevant Factual and Legal Issues

The basic issue in a tax refund case such as this is whether Plaintiffs can establish that the taxes at issue have been overpaid. *See Lewis* v. *Reynolds*, 284 U.S. 281 (1932); *Dysart* v. *U.S.*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). Plaintiffs' complaint presents two specific questions:

1. Whether plaintiff can demonstrate that non-taxable cash proceeds from a mortgage refinancing were deposited in bank accounts whose deposits the IRS compared to Plaintiff's reported gross income from a trade or business and used to determine that they owed additional

taxes for 2001?

2. Whether plaintiffs can substantiate the payment of commissions they claimed as business expense deductions in 2001?

(i) Settlement

The parties are willing to discuss settlement. The parties do not believe that any alternative dispute resolution proceedings are appropriate at this time. If either of the parties concludes that ADR would be useful, it will request it.

(j) Trial

Barring settlement or summary judgment on all issues, the parties anticipate proceeding to trial, and do not request expedited trial scheduling. The parties propose that within 30 days of the completion of discovery, they will submit a status report to the Court proposing further proceedings needed to resolve this case.

(k) Electronic Case Management

The parties are unaware at this time of any issues regarding electronic case management needs.

(l) Other Information

The early meeting of counsel, as required by RCFC Appendix A, ¶ 3 has taken place.

PROPOSED DISCOVERY PLAN

The parties plan to serve discovery shortly, and propose the following schedule:

| | |
|---|---|
| Deadline for completion of fact discovery: | January 9, 2009 |
| Deadline for submission of Plaintiffs' expert(s) report: | February 6, 2009 |

| | |
|---|---|
| Deadline for deposition of Plaintiffs expert(s) by Defendant: | March 6, 2009 |
| Deadline for submission of Defendant's expert(s) report: | May 8, 2009 |
| Deadline for deposition of Defendants expert(s) by Plaintiff: | July 10, 2009 |

The United States intends to seek discovery from non-parties. Completion of discovery under the above schedule, therefore, is partially dependent on the extent of cooperation from these non-parties. The parties will provide timely notice of any need to adjust the schedule. The parties intend to make initial disclosures of witnesses and documents within 14 days after the filing of the Joint Preliminary Status Report pursuant to RCFC 26(a)(1).

Respectfully submitted,

Date: August 21, 2008

/s/ Anthony Diosdi
Anthony Victor Diosdi
Attorney of Record
Moskowitz & Ciu, LLP
180 Montgomery Street
San Francisco, CA 94104
(415) 394-7200

Attorney for Plaintiffs

Date: August 21, 2008

/s/ Carl D. Wasserman
Carl D. Wasserman
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-6587

Nathan J. Hochman
Assistant Attorney General
Steven I. Frahm
Acting Chief, Court of Federal
Claims Section

Date: August 21, 2008

/s/ Steven I. Frahm
Of Counsel

Attorneys for Defendant